**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ime Ukpanah,<br><br>            Plaintiff,<br><br>vs.<br><br>Arizona Board of Regents, a political subdivision of the State of Arizona; Michael Crow, in his official and individual capacity; Mark Searle, in his official and individual capacity, and John and Jane Does I-X, in their official and individual capacities,<br><br>            Defendants. | No. CV-10-0274-PHX-DGC<br><br>**ORDER** |

This order concerns two related substantive motions.[1] Defendants move to dismiss Plaintiff's entire complaint on grounds that it is barred by the statute of limitations. Doc. 8. Plaintiff opposes as to his first two claims based on Title VII and 42 U.S.C. § 1981. Doc. 10. Plaintiff has also filed a motion to dismiss his third claim for relief. Doc. 11. The motions are fully briefed. Docs. 8, 10, 11, 12. For the reasons that follow, the Court will deny Defendants' motion (Doc. 8) with respect to the first two claims and deny it as moot with respect to the third claim in light of Plaintiff's dismissal of the claim (Doc. 11).

---

[1] Plaintiff also filed a separate motion requesting oral argument. Doc. 13. Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.    Background.**

In December, 2007, Plaintiff Ime Ukpanah filed a charge of discrimination against Arizona State University with the Equal Employment Opportunity Commission ("EEOC"). Doc. 1-2; *see* Doc. 10-2. On February 27, 2009, the EEOC issued a "right to sue" letter to Plaintiff at the address shown on the EEOC charge and intake form. Doc. 1-2; Doc. 10-5 at 3. According to the EEOC, the letter was "sent to the correct address for Charging Party" and was "incorrectly returned to [the EEOC's Phoenix District Office] by the US Postal Service." Doc. 10-5 at 2. The EEOC failed to send a courtesy copy to Plaintiff's counsel. *Id*. The EEOC admits that "[n]either Charging Party nor his representative received the Notice of Right to Sue when it was originally mailed on February 27, 2009." *Id*.

On September 10, 2009, Plaintiff's counsel appears to have been told by phone, by the EEOC investigator, that a right to sue letter had been issued on February 27, 2009. Doc. 10-5 at 7. On October 27, 2009, Plaintiff's counsel requested that the EEOC reopen Plaintiff's case and reissue a Notice of Right to Sue. *Id*. Neither party argues that Plaintiff or his counsel attempted to or obtained the February letter in person from the Phoenix District Office of the EEOC.

On November 11, 2009, the EEOC reissued the February letter, and Plaintiff filed this suit on February 8, 2010, within 90 days of receipt. Plaintiff's First Amended Complaint contains two primary claims: a Title VII claim against Defendant Arizona Board of Regents and a 42 U.S.C. § 1981 claim against Defendants Michael Crow and Mark Searle. Doc. 7.

**II.    Discussion.**

The statute of limitations is an affirmative defense, and Defendants bear the burden of showing that plaintiff's suit was filed after the limitations period. *Payan v. Aramark Mgm't Serv.*, 495 F.3d 1119, 1222-23 (9th Cir. 2007).

**A.    Title VII Claim.**

In this Circuit, "[w]e measure the start of the limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Id*. at 1122 (citing

1  *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997)).[2]  Defendant Arizona
2  Board of Regents ("Regents") does not present evidence as to when, or whether, the February
3  letter arrived at Plaintiff's address of record.  Instead, citing *Payan*, the Regents argue that
4  the Court should presume the letter arrived within three days of its issuance.  Doc. 12 at 3.
5  *Payan*'s presumption, however, applies "[w]here the actual date of receipt is unknown but
6  receipt itself is not disputed[.]"  *Payan*, 495 F.3d at 1122.  Here, there is no assertion that the
7  February EEOC letter was actually received by Plaintiff.

8        Defendant's main argument is that the 90-day period began on September 10, 2009,
9  when Plaintiff's counsel received telephone notice that the February letter had been issued
10 by the EEOC.  Doc. 8 at 1-4.  Because there is no showing that the letter was received, the
11 dispositive issue is whether verbal notice by the EEOC to a charging party's attorney that a
12 right to sue letter had been issued is sufficient notice under 42 U.S.C. § 2000e-5(f)(1).  The
13 only binding law that Defendant cites is *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89,
14 92-93 (1990), where the Supreme Court held that the mailing and receipt of a right to sue
15 letter to the charging party's counsel serves as sufficient notice to the charging party.  *Irwin*
16 does not control this case, however, because Defendant has made no showing that Plaintiff's
17 attorney received the letter before November 11, 2009.

18       Defendant cites law from other circuits that permits verbal notice to substitute for a
19 written letter:  *Ball v. Abbott Advertising, Inc.*, 864 F.2d 419, 421 (6th Cir. 1988) and *Ebbert
20 v. Daimlerchrysler Corp.*, 319 F.3d 103 (3rd Cir. 2003).[3]  In *Ball*, the Title VII charging
21 party moved to another state without notifying the EEOC, and never received the EEOC's
22 right to sue letter.  *Ball*, 864 F.2d at 420.  When the party's attorney called the EEOC, he

---

24
25  [2] Plaintiff argues that under *Lynn v. Western Gillette, Inc.*, 564 F.2d 1282
    (9th Cir. 1977), actual receipt of the EEOC letter is required and mere issuance of the letter
26  is not enough.  Doc. 10 at 5.  *Nelmida* clarified the test as being "attempted delivery" of the
    EEOC letter.  *Nelmida*, 112 F.3d at 384.
27
28  [3] Defendant also cites *Jones v. Wal-Mart Stores, Inc.*, 2009 WL 2382435, * 4
    (D. Ariz. 2009), but *Jones* does not address the issue of verbal notice.

- 3 -

1  learned that the letter "had been issued but had been returned as undeliverable." *Id.* The
2  Sixth Circuit held that "[t]he lawyer's actual knowledge destroys any possible basis for
3  applying the 'equitable tolling' doctrine here." *Id.* at 421. Though *Ball* confined the analysis
4  to equitable tolling rather than the start of the 90-day period, the Sixth Circuit confirmed, in
5  a subsequent unpublished opinion, that under *Ball* the 90-day period "began running when
6  the plaintiff's counsel was informed via the telephone . . . that the notice had been issued."
7  *Hopkins v. United Parcel Service*, 221 F.3d 1334, *3 (6th Cir. 2000) (Table, text in
8  WESTLAW, NO. 99-3225).

9  The Sixth Circuit in *Ball* did not explicitly address the issue of whether EEOC
10 regulations requiring written notice are entitled to deference. In *Ebbert*, the Third Circuit
11 refused to accord *Chevron* deference to EEOC regulations that require written notice.
12 319 F.3d at 109-17. The *Ebbert* court held that "[b]ecause the statute does not say that notice
13 must be in writing . . . oral notice can suffice to start the 90-day period," so long as the oral
14 notice is "complete." *Id.* at 116 & n.16. The court remanded for a finding of whether the
15 oral notice was complete. *Id.* at 118.

16 Standing alone, *Ball* and *Ebbert* make a persuasive argument that oral notice to a
17 charging party's counsel about a right to sue letter having been issued is sufficient to trigger
18 the 90-day period under Title VII. If attempted delivery of the mailed notice by the postal
19 service is sufficient, as the Ninth Circuit found in *Nelmida*, 112 F.3d at 384, then giving
20 actual notice to the charging party's counsel that a letter had been issued months earlier
21 should be sufficient as well. Oral notice appears, however, to be foreclosed by the Ninth
22 Circuit's deference to EEOC regulations requiring written notice in *Lynn v. Western Gillette,*
23 *Inc.*, 564 F.2d 1282 (9th Cir. 1977). In *Lynn*, the Ninth Circuit recognized that the EEOC
24 "undertook to implement the statutory provisions for giving notice . . . by adopting
25 regulations," and that "issuance of a regulation to require a specific form of notice was fully
26 consistent with the statutory scheme of Title VII." *Id.* at 1285-86. The court held that "[t]he
27 regulations, having been properly issued, have the force of law, and we hold that under the
28 statute and regulations as they existed at the time of the communications sent in these cases,

- 4 -

the statutory ninety-day period did not commence until the aggrieved party was given Notice of Right to Sue." *Id.* at 1286.

Defendant does not ask this Court to give EEOC regulations less deference that the Ninth Circuit did in *Lynn*. Defendant also fails to show that a majority of circuits, especially those relied-upon by *Lynn*, have adopted an "oral notice" rule. Moreover, Defendant does not directly reply to Plaintiff's argument that the oral notice his attorney received was "incomplete" under *Ebbert*, despite *Ebbert*'s suggestion that the "completeness" requirement may be relaxed if oral notice is provided to a party's Title VII attorney. Doc. 10 at 4, 5; *see* Doc. 12. Defendant's only attempt at distinguishing *Lynn* is to argue that *Scholar v. Pacific Bell*, 963 F.2d 264, 267 n.2 (9th Cir. 1992) limited *Lynn*'s holding to its facts. While this argument is persuasive with regard to the issue of the timing of a letter's receipt, it does not address *Lynn*'s deference to EEOC regulations requiring that notice be written. The Ninth Circuit ultimately may overrule *Lynn* and grant less deference to EEOC regulations for the persuasive reasons set forth in *Ebbert*, but this Court is not at liberty to do so.

In light of the foregoing, the Court concludes that Defendant has not made a sufficient showing that Plaintiff's suit was filed after the limitations period.[4]

**B.     § 1981 Claim.**

A claim arising under 42 U.S.C. § 1981 is subject to one of two statutes of limitations, depending on the underlying act that gave rise to the claim. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). If the discriminatory act concerns the "mak[ing] and enforc[ing] of contracts," then the claim is subject to "the most appropriate or analogous state statute of limitations." *See id.* at 371, 383. If, however, the discriminatory act concerns the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions

---

[4] The parties make two additional arguments, which the Court does not need to address. First, both parties address the issue of equitable tolling. Because this Court holds that the 90-day period did not begin with the oral notice to Plaintiff's counsel, an equitable tolling analysis is not necessary. Secondly, the parties dispute whether the absence of a letter would have precluded Plaintiff from filing suit. This issue is not relevant because Plaintiff's suit was filed within 90 days after he received the EEOC's re-sent letter.

- 5 -

of the contractual relationship" – including hostile work environment and wrongful termination claims – then the claim is subject to the four-year statute of limitations enacted at 28 U.S.C. § 1658. *See Jones*, 541 U.S. at 383-84. The decision, then, turns on the substance of Plaintiff's claim.

Defendants Crow and Searle argue implicitly that denial of tenure on the basis of race concerns the making and enforcing of contracts because denial of tenure was actionable under the pre-1991 amendments that expanded § 1981 to termination of contracts. Doc. 8 at 4-5. Defendants rely on two Supreme Court cases: *Delaware State College v. Ricks*, 449 U.S. 250 (1980), and *Saint Francis College v. Al-Khazraji*, 481 U.S. 604 (1987). As Plaintiff correctly argues, neither case controls. *Ricks* explicitly declined to decide whether the plaintiff's denial-of-tenure claim was cognizable under § 1981; instead, it dismissed the claim as untimely. *Ricks*, 449 U.S. at 256 n.6 ("[b]ecause the claims [of denial of tenure on the basis of national origin] were not timely filed, we do not decide whether a claim of national origin discrimination is cognizable under § 1981"). Although the plaintiff in *Al-Khazraji* had also been denied tenure and the Court did address the claim's substance, the narrow issue before the Court on appeal from summary judgment was whether "a person of Arabian ancestry was protected from racial discrimination under § 1981." *Al-Khazraji*, 481 U.S. at 607. The Court noted that its grant of certiorari was limited only to this issue and to a statute of limitations issue. *Id.* Moreover, the Court observed that "respondent had not had full discovery and the record was not sufficient to determine whether he had been subjected to the sort of prejudice § 1981 would redress." *Id.* Finally, *Al-Khazraji* and *Ricks* were decided two years before *Patterson v. McLean Credit Union*, 491 U.S. 164, 176 (1989), where the Court held, *inter alia*, that a plaintiff who was discharged because of her race did not have a cognizable § 1981 claim. *See Patterson*, 491 U.S. at 169, 181-82.

Cases after *Patterson* suggest that denial of tenure followed by termination of the employment relationship can be construed as not cognizable under the original § 1981, and that the contractual terms between the educator and the institution are dispositive on this issue. *See, e.g., Bennun v. Rutgers State* University, 941 F.2d 154 (3d Cir. 1991); *Chawla*

1  *v. Klapper*, 743 F. Supp. 1284 (N.D. Ill. 1990).  In their reply brief, Defendants cite to *Saunders v. George Washington University*, 768 F. Supp. 854, 864 (D.C. Cir. 1991), for the proposition that tenure is "a new and distinct" relationship between an educator and an institution, and is therefore cognizable under the original § 1981.  *Saunders* reached this conclusion, however, based on specific facts provided by evidence in the case.  *Id.* Defendants fail to provide evidence in support of their contention that the denial of tenure and termination of the relationship in this case would have been actionable under the original § 1981 after *Patterson*.

Given the need to examine the facts of Plaintiff's termination to determine which statute of limitation applies, this issue cannot be resolved in a motion to dismiss and must await summary judgment or trial.

**IT IS ORDERED:**

1. Plaintiff's motion to dismiss his third claim for relief (Doc. 11) is **granted**.
2. Plaintiff's motion for oral argument (Doc. 13) is **denied**.
3. Defendant's motion to dismiss (Doc. 8) is **denied**.

DATED this 3rd day of November, 2010.

David G. Campbell
United States District Judge